**GOLDSMITH & MENDOZA P.L.L.C.**
1670 E. River Road, Suite 200
Tucson, Arizona 85718
Phone/Fax: (520) 497-1138
Eugene N. Goldsmith; eng@goldsmith-mendoza.com
ASB No. 010254
Maria del Pilar Mendoza; pm@goldsmith-mendoza.com
ASB No. 024740
*Attorneys for Plaintiff*

**CARPENTER HAZLEWOOD, DELGADO & BOLEN, LLP**
Fredric D. Bellamy, AZ Bar #010767
Charitie L. Hartsig, AZ Bar #025524
Gregory A. Stein, AZ Bar #030746
140 East Southern Avenue, Suite 400
Tempe, Arizona 85282
Telephone: (480) 427-2800
Facsimile: (480) 427-2801
minuteentries@carpenterhazlewood.com
fredric.bellamy@carpenterhazlewood.com
charitie.hartsig@carpenterhazlewood.com
greg.stein@carpenterhazlewood.com
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA
## TUCSON DIVISION

| | |
|---|---|
| Kimberly Findley,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>Canoa Ranch Clubhouse LLC et al.<br><br>　　　　　　Defendants. | Case No.. CV-21-00102-TUC-JCH<br><br>JOINT RULE 26(f) CASE MANAGEMENT REPORT<br><br>FOR:　Honorable John C. Hinderaker<br>DATE:　June 16, 2021<br>TIME:　10:30 a.m. |

The Parties submit the following, pursuant to the Court's order to submit a Joint Report reflecting the Parties' Rule 26(f) meeting:

**1. PARTIES WHO ATTENDED THE RULE 26(f) CONFERENCE**

Maria del Pilar Mendoza, of Goldsmith & Mendoza, PLLC, appeared on behalf of Plaintiff Kimberly Findley ("Ms. Findley"), Fredric D. Bellamy of Carpenter Hazlewood Delgado & Bolen, LLP, appeared on behalf of Defendants Canoa Ranch Clubhouse LLC, Canoa Ranch Golf Course, LLC, and Michael Cochran (collectively, "Defendants"). In addition to Ms. Mendoza and Mr. Bellamy, attorney Gregory A. Stein of Carpenter Hazlewood Delgado & Bolen, LLP also assisted in developing the Joint Report.

**2. LIST OF PARTIES IN THE CASE**

    a. Plaintiff Ms. Findley

    b. Defendant Canoa Ranch Clubhouse, LLC

    c. Defendant Canoa Ranch Golf Course, LLC

    d. Defendant Michael Cochran ("Mr. Cochran")

    e. Defendant Jane Doe Cochran

**3. STATEMENT OF THE NATURE OF THE CASE:**

    1. <u>Plaintiff's Position:</u>

This is a wrongful termination, invasion of privacy case. From February 2014 to March 2020, Ms. Findley worked for Defendant Canoa Ranch Clubhouse, LLC ("Canoa Ranch") in

its restaurant.[1] In 2016, Defendant Michael Cochran ("Mr. Cochran") became Ms. Findley's supervisor. Ms. Findley claims against Canoa and Mr. Cochran arise out of Ms. Cochran's behavior towards Ms. Findley including following her home after her shift; visiting Ms. Findley's home uninvited and leaving messages and gifts at her front door; inviting Ms. Findley on dates, kissing and touching her inappropriately. Mr. Cochran also threatened Ms. Findley with her criminal history, and how that would affect her future employment.  Mr. Cochran's behavior escalated during Ms. Findley's employment causing her to fear for her safety and causing her to leave her position. After Ms. Findley left her employment with Canoa, her new supervisor at the San Ignacio Golf Course received a manila envelope with copies of her criminal history similar to the documents Mr. Cochran had previously shown Ms. Findley.  Several customers also informed Ms. Findley that they had received similar documents about her criminal history, and they believed that correspondence came from Mr. Cochran.  On June 11, 2020 (several months after her wrongful discharge) the Defendants, through their attorneys, sent a threating "Cease and Desist" demand to Ms. Findley. In that letter they wrongly claimed that Findley had defamed them and had engaged in workplace harassment of Mr. Cochran, pursuant to A.R.S. § 12-1810 (E). Given Mr. Cochran's continued harassment, even at her new job, Ms. Findley sought and obtained an Injunction Against Harassment against Mr. Cochran, on July 7, 2020.

---

[1] On February 15, 2021, Canoa Ranch Clubhouse, LLC and Canoa Ranch Golf Course, LLC merged. The surviving corporation is Canoa Ranch Golf Course, LLC.

Ms. Findley claims are (1) hostile work environment, pursuant to Title VII, (2) hostile work environment, pursuant to the Arizona Civil Rights Act, (3) wrongful discharge, (4) invasion of privacy - false light, (5) invasion of privacy – intrusion upon seclusion, (6) invasion of privacy – public disclosure of private facts, and (7) intentional infliction of emotional distress.  Ms. Findley is seeking compensatory and punitive damages. On June 4, 2021, the Defendants filed an Amended answer and Counterclaim against Ms. Findley an alleged counterclaims of Defamation and Slander Per Se.  Ms. Findley denies those counterclaims.

2. <u>Defendants' Position:</u>

Defendants have answered Ms. Findley's Complaint and deny all claims. Defendants recently amended their answer to assert counterclaims against Ms. Findley. Defendants' counterclaims are directly related to Ms. Findley's affirmative claims. More specifically, Mr. Cochran denies: (a) sexually harassing Ms. Findley on any occasion, let alone over the course of many years; and (b) mailing information regarding Ms. Findley's criminal convictions to various individuals, including Ms. Findley's supervisors at her new job, Ms. Findley's friends and acquaintances, and current and former members of the Canoa Ranch or Torres Blancas Golf Courses. Similarly, Canoa Ranch denies that it knew of Mr. Cochran's alleged sexual harassment and/or actively protected him from discipline.

Consequently, Defendants have counterclaimed for defamation and slander per se. Defendants seek compensatory and punitive damages, as well as attorneys' fees and costs.

## 4. JURISDICTIONAL BASIS

This Court has jurisdiction regarding Ms. Findley's claims, pursuant to 28 U.S.C.A. § 1331, and 1367(a). Ms. Findley's cause of action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* This Court has supplemental jurisdiction over the Defendants' counterclaims pursuant to 28 U.S.C. § 1367(a) because such counterclaims are substantially related to Ms. Findley's affirmative claims. Venue in this Court is proper pursuant to 28 U.S.C.A. § 1391(b)(1) and (2), as the District of Arizona, Tucson Division is the judicial district where a substantial part of the alleged events or omissions giving rise to the claim occurred. Furthermore, all parties are residents of Arizona and Mr. Cochran resides in this judicial district.

## 5. PARTIES NOT SERVED AND/OR WHO HAVE NOT ANSWERED

Plaintiff has served Defendants Canoa Ranch Clubhouse, LLC, Canoa Ranch Golf Course, LLC (collectively "Canoa"), and Mr. Cochran. Those defendants have answered. Counsel for Canoa and Mr. Cochran informed Ms. Findley that Mr. Cochran is divorced, therefore, there is no Jane Doe Cochran.  Ms. Findley does not anticipate serving former Ms. Jane Doe Cochran.

## 6. ADDITION OF PARTIES OR AMENDMENTS TO PLEADINGS

Defendants amended their Answer and added new counterclaims against Ms. Findley on June 4, 2021. The Parties do not anticipate further amendments to their pleadings (including adding additional parties), but nevertheless reserve the right to add parties or amend pleadings, pursuant to the Fed. R. Civ. P. and the Court's Scheduling Order.

## 7. EXPEDITED TRIAL OPTION

Counsel for both Plaintiff and Defendants certify that they have complied with the requirements set forth in the Court's Order. The Parties do not elect an expedited trial.

## 8. CONTEMPLATED MOTIONS

1. Plaintiff's Position

Ms. Findley anticipates filing a Motion for Summary Judgment regarding Defendants' liability including her claims of hostile work environment, wrongful discharge, false light, intrusion upon seclusion, public disclosure of private facts, and intentional infliction of emotional distress. Ms. Findley also anticipates a Motion for Summary judgment regarding the recent Counterclaims of Defamation and Slander per se, and compensatory and punitive damages.

Ms. Findley anticipates expert opinions may be required in this case including an economist and a mental health expert, therefore, the sufficiency of those reports and those experts' qualifications may prompt Motions pursuant to Fed. R. Ev. 702, 703, 704 and 705.

2. Defendants' Position

Defendants anticipate filing a Motion for Summary Judgment on some or all of Ms. Findley's claims for affirmative relief, as well as Defendants' counterclaims. In contrast to Ms. Findley, Defendants do not believe that expert testimony is necessary or even logical given the nature of the claims in this case.

As stated above, Ms. Findley does not anticipate serving the former Ms. Jane Doe Cochran. Accordingly, Defendants respectfully request that Ms. Findley file a motion voluntarily dismissing this fictitious defendant from the litigation.

9. **SUITABILITY FOR ARIBTRATION, SPECIAL MASTER, OR UNITED STATES MAGISTRATE JUDGE.**

The Parties agree that this case is suitable for reference to a United States Magistrate Judge for purposes of a potential judicially-facilitated mediation.

10. **STATUS OF RELATED CASES**

There are no related cases pending before other judges of the U.S. District Court or before other courts, or other matters appropriate for consolidation pursuant to LRCiv 42.1(b).

11. **ISSUES RELATING TO DISCLOSURE OR DISCOVERY OF ESI**

At present, the Parties do not anticipate issues relating to disclosure or discovery of electronically-stored information.

12. **A DISCUSSION OF ANY ISSUES RELATING TO CLAIMS OF PRIVILEGE OR WORK PRODUCT**

The Parties do not anticipate any issues relating to claims of privilege or work product.

13. **FED. R. EVID. 502(d) ORDER**

To permit for the efficient exchange of information without waiver of any applicable privileges, the Parties anticipate submitting a motion and order pursuant to Fed. R. Evid. 502(d).

14. **SCOPE OF DISCOVERY**

**(a) Extent, nature and location of discovery.**

The scope of discovery includes matters related to the Parties' claims, counterclaims and defenses, including but not limited to Ms. Findley's employment with Canoa Ranch and supervision by Mr. Cochran. The Parties anticipate discovery will include interrogatories, requests for production, requests for admission, and depositions. A substantial portion, if not all, of discovery will take place in Green Valley, Arizona or Tucson, Arizona.

1. Plaintiff's Position.

In addition to that noted above, Ms. Findley's proposed discovery will also include the Defendants' continued harassment of Ms. Findley after she left Canoa's employment. At this time, Ms. Findley anticipates deposing Mr. Cochran and Wendy Brown, both employees of Canoa Ranch. Ms. Findley also anticipates deposing other fact witnesses with knowledge of Mr. Cochran's behavior and how that behavior affected Ms. Findley.

Ms. Findley also anticipates calling an economist, a fingerprint forensic expert, information technology expert, and a medical health expert to testify regarding Ms. Findley's financial and emotional damages and Defendants' behavior and actions. Ms. Findley may identify the need for additional experts during discovery. Ms. Findley may amend the foregoing pursuant to the Scheduling Order.

2. Defendants' Position.

In addition to that noted above, Defendants' proposed discovery will also focus on Ms. Findley's defamatory and slanderous statements regarding Mr. Cochran and Canoa Ranch and the resulting damages suffered by each. Defendants will depose Ms. Findley, but also

anticipate deposing other fact witnesses in relation to both Ms. Findley's affirmative claims and Defendants' counterclaims.

Defendants do not anticipate calling their own experts at this time, but reserve the right to rebut any expert witness testimony proffered by Ms. Findley. In that event, Defendants will also seek to depose Ms. Findley's expert(s).

Defendants reserve the right to amend the foregoing pursuant to the Scheduling Order.

(b) The Parties do not suggest changes to the discovery limitations imposed by the Federal Rules of Civil Procedure and Local Rules of Civil Procedure 16.2.

(c) The Parties propose that each deposition should be limited to seven (7) hours.

## 15. INITIAL DISCLOSURES

Initial Disclosures will be made by **July 30, 2021**. The Parties do not propose changes or submit objections to the initial disclosure requirements set forth in Rule 26(a)(1).

## 16. PROPOSED DEADLINES FOR

a. Completion of Fact Discovery: **July 29, 2022.**

b. Expert Disclosures:

   i. Disclosure of Plaintiff's Initial Expert Testimony: **January 14, 2022**

   ii. Disclosure of Defendants' Initial Expert Testimony: **February 14, 2022**

   iii. Disclosure of Rebuttal Expert Testimony: **March 14, 2022**

c. Expert Depositions: **May 31, 2022**

d. Settlement Talks: **July 15, 2022**

    e. Dispositive Motions: **August 31, 2022**

### 17. TRIAL

Ms. Findley has requested a jury trial. Defendants do not contest Ms. Findley's entitlement to a jury trial.

### 18. SETTLEMENT

The Parties anticipate that this case may be suitable for mediation, including judicially-facilitated mediation.

### 19. ANY OTHER MATTERS

The Parties do not have other suggestions to expedite disposition of this case.

                              Respectfully submitted,

Date: June 10, 2021        */s/ Pilar Mendoza*
                                     **GOLDSMITH & MENDOZA, PLLC**
                                     Eugene N. Goldsmith
                                     Maria del Pilar Mendoza
                                     *Attorneys for Ms. Findley*

Date: June 10, 2021        */s/ Fredric D. Bellamy with Permission*
                                       **CARPENTER HAZLEWOOD, DELGADO & BOLEN, LLP**
                                     Fredric D. Bellamy
                                     Charitie L. Hartsig
                                     Gregory A. Stein
                                     *Attorneys for Defendants*